USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5/28/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SBI INVESTMENTS LLC, 2014-1,

                Plaintiff,

- against -

EVENTURE INTERACTIVE, INC., ET AL.,

                Defendants.

17-cv-4159 (JGK)

MEMORANDUM OPINION
& ORDER

JOHN G. KOELTL, District Judge:

    In this case, the plaintiff, SBI Investments LLC, 2014-1, has sued Eventure Interactive, Inc., for breach of contract and unjust enrichment, and two of Eventure's principals, Gannon Giguiere and Michael D. Roundtree, for fraudulent inducement, seeking monetary damages and injunctive relief. SBI's claims arise from a series of debt transactions in which SBI provided funding to Eventure by purchasing convertible notes. SBI alleges that Eventure breached its obligations under the notes principally by failing to reserve an adequate number of shares of common stock, and that Giguiere and Roundtree (the "Individual Defendants") made fraudulent statements that caused SBI to agree to the Convertible Note Agreements.

    There are two motions pending before the Court.

    The Individual Defendants have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the fraudulent inducement claims for failure to state a claim upon

which relief may be granted. The Individual Defendants argue that SBI has failed to meet the heightened pleading standard for fraud claims set forth in Rule 9(b) of the Federal Rules of Civil Procedure.

Eventure has also moved pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure to dismiss SBI's claims against it for improper venue. Eventure argues that a forum selection clause in the Convertible Note Agreements requires SBI to bring any action against Eventure under the notes in a New York State court or in the United States District Court for the Eastern District of New York. SBI counters that forum selection clauses in other contracts relevant to this dispute -- Security Purchase Agreements and an Exchange Agreement -- permit this action to proceed in this Court.

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). A court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). A court should not dismiss the complaint if the plaintiff

has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Chen v. Major League Baseball, 6 F. Supp. 3d 449, 451-52 (S.D.N.Y. 2014).

## II.

The Court accepts the following facts as true for purposes of this motion.

### A.

SBI is a New York limited liability company whose members are citizens of Puerto Rico, Connecticut, and New York. Am.

3

Compl. ¶¶ 2-3. Eventure is a Nevada Corporation with its principal place of business in California. Am. Comp. ¶ 4. Giguiere is Eventure's President and a citizen of California. Am. Compl. ¶ 5. Roundtree is Eventure's chief financial officer and also a citizen of California. Am. Compl. ¶ 6.

In June, 2015, SBI offered Eventure several term sheets for convertible notes in an attempt to inject capital into Eventure. Am. Compl. ¶ 11. In the course of negotiating these convertible note transactions, SBI learned that Eventure already had four convertible notes on Eventure's books. Am. Compl. ¶¶ 12, 14.

On June 25, 2015, SBI and Eventure entered into the Exchange Agreement. Am. Compl. ¶ 15; Am. Compl. Ex. A. Pursuant to this Agreement, Eventure assigned the four convertible notes already on its books to SBI in exchange for two new convertible notes issued by Eventure to SBI. Am. Compl. ¶ 15; Am. Compl. Ex. A. The Exchange Agreement contained a forum selection clause that provided in relevant part: "Each party hereby irrevocably submits to the exclusive jurisdiction of the state and federal courts siting in the City of New York, New York, for the adjudication of any dispute hereunder or in connection herewith or with any transaction contemplated hereby or discussed herein." Am. Compl. Ex. A, at 5.

On August 7, 2015, September 21, 2015, October 7, 2015, and January 19, 2016, Eventure issued four additional convertible

4

notes to SBI by entering into four Security Purchase Agreements and four Convertible Note Agreements. Am. Compl. ¶ 16; Am. Compl. Exs. D, E, F, G, H. Each Security Purchase Agreement contained the same forum selection clause, which provided in relevant part: "Any action brought by either party against the other concerning the transactions contemplated by this Agreement shall be brought only in the state courts of New York or in the federal courts located in the state and county of New York." Am. Compl. Ex. D, at 5, Ex. E, at 7, Ex. F, at 7, Ex. G, at 7, Ex. H, at 7. Each Convertible Note Agreement contained the same forum selection clause, which provided in relevant part: "Any action brought by either party against the other concerning the transactions contemplated by this Note shall be brought only in the state courts of New York or in the federal courts located in the state and county of Nassau." Am. Compl. Ex. B, at 12, Ex. C, at 12, Ex. D, at 23, Ex. E, at 26, Ex. F, at 26, Ex. G, at 26, Ex. H, at 26.

The Exchange Agreement, Security Purchase Agreements and Convertible Note Agreements are all expressly governed by New York law. Am. Compl. Ex. A, at 5, Ex. B, at 12, Ex. C, at 12, Ex. D, at 5, 23, Ex. E, at 7, 26, Ex. F, at 7, 26, Ex. G, at 7, 26, Ex. H, at 7, 26.

The six new convertible notes that Eventure issued to SBI all had a similar structure. SBI had the right "to convert all

5

or any part of the outstanding and unpaid principal amount of [the] Note into fully paid and non-assessable shares of Common Stock" in Eventure. Am. Compl. ¶¶ 18, 20. Each Convertible Note Agreement required Eventure to reserve a sufficient amount of common stock to satisfy SBI's full conversion rights under the Note. Am. Compl. ¶¶ 19, 21. The Exchange Agreement and the Security Purchase Agreements also required Eventure to "take all action necessary" to ensure that there were sufficient shares of Eventure common stock available to satisfy SBI's conversion rights. Am. Compl. ¶¶ 19, 21.

SBI alleges that Eventure breached the Exchange Agreement, Security Purchase Agreements, and the Convertible Note Agreements in various ways. See Am. Compl. ¶¶ 32-39.

**B.**

SBI alleges that the Individual Defendants made multiple statements relevant to the convertible note transactions at issue.

On or about August 28, 2015, Roundtree informed SBI that Eventure failed to reserve sufficient shares to satisfy SBI's conversion rights under the convertible notes issued pursuant to the Exchange Agreement. Roundtree informed SBI that this failure could not be rectified because the reserve shares had been promised to other investors. Am. Compl. ¶¶ 22.

6

In or around September, 2015, the Individual Defendants submitted several funding plans to SBI. The Individual Defendants told SBI at some point in September that Eventure had seen an increase in business, commercialization, and revenue generation that would offset Eventure's expenses. Giguiere also forwarded to SBI an email from Eventure's largest shareholders expressing that the shareholders "have a vested interest in [Eventure's] success." Am. Compl. ¶ 23.

On or about October 9, 2015, Giguiere told SBI that Eventure was meeting with another investment company to secure an equity line of credit. Giguiere stated that Eventure had secured an agreement from this investment company to purchase $1.5 million worth of Eventure's convertible debt. Am. Compl. ¶ 24. SBI alleges that the Individual Defendants knew they had not secured any funding from this investment company when Giguiere made the October 9, 2015, statements, and that Giguiere made those statements with the purpose of causing SBI to enter into further convertible note transactions with Eventure. Am. Compl. ¶ 25.

SBI also alleges that it entered into the four convertible note transactions between August, 2015, and January, 2016, "[a]s a direct result" of the aforementioned statements by the Individual Defendants.

The Amended Complaint also contains allegations that the Individual Defendants made various statements about Eventure cutting costs, increasing revenue, and securing angel investments between February and April, 2016. Am. Compl. ¶¶ 27-31.

## III.

### A.

SBI claims that the Individual Defendants' statements between August, 2015, and April, 2016, fraudulently induced SBI to enter into the convertible note transactions. The Individual Defendants argue, among other things, that SBI's fraudulent inducement claims fail to meet the heightened pleading standard for fraud set forth in Rule 9(b).

Under New York law, to state a claim for fraud, "the complaint must contain allegations of a representation of material fact, falsity, scienter, reliance and injury." Small v. Lorillard Tobacco Co., 720 N.E.2d 892, 898 (N.Y. 1999); see also Ward v. TheLadders.com, Inc., 3 F. Supp. 3d 151, 165 (S.D.N.Y. 2014). Rule 9(b) requires that the complaint "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 99 (2d Cir. 2007); see also In re Eaton Corp. Sec. Litig.,

-- F. Supp. 3d --, No. 16-cv-5894, 2017 WL 4217146, at *1 (S.D.N.Y. Sept. 20, 2017).

At the outset, the statements the Individual Defendants made between February and April, 2016, plainly cannot be the basis for any fraudulent inducement claim because SBI cannot establish reliance. The last convertible note transaction between Eventure and SBI described in the Amended Complaint occurred on January 16, 2016. SBI has not alleged that it relied on any statements that post-date the January, 2016, convertible note transaction in deciding whether to purchase the earlier convertible notes from Eventure.

The statements Roundtree made in August, 2015, informing SBI that Eventure would not be able to satisfy its stock reservation obligations similarly cannot be the basis for any fraudulent inducement claim. SBI has not explained how it relied on Roundtree's alleged admission that Eventure failed to carry out its duty under the Exchange Agreement when deciding whether to purchase further convertible notes from Eventure. SBI has also failed to explain how Roundtree's August, 2015, statements were false. Indeed, a significant portion of SBI's breach of contract claim against Eventure relies on SBI's assertion that Eventure failed to carry out its reservation duties under the Exchange Agreement, as Roundtree allegedly stated.

SBI has not alleged any fraudulent inducement claim based on the Individual Defendants' September, 2015, statements with respect to Eventure's financial outlook. SBI has not identified specific statements in which the Individual Defendants asserted that Eventure had experienced an increase in business, commercialization, and revenue generation, much less where and when specifically any such statements were made. Generalized allegations of this sort do not satisfy Rule 9(b). See, e.g., Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 119 (2d Cir. 2013) (affirming the dismissal of fraud claims because the complaint failed to "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements" (quoting Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989)).

The only specific statement SBI identifies from September, 2015, is the email Giguiere forwarded to SBI from Eventure's largest shareholders stating that the shareholders "have a vested interest in [Eventure's] success." Am. Compl. ¶ 23. Any fraud claim based on that statement has separate pleading deficiencies. SBI has not pleaded that that Eventure's shareholders did not in fact tell Eventure that they have a vested interest in Eventure's success or that the shareholders

did not have such an interest, and SBI has failed to allege that Giguiere acted with scienter when he forwarded this email to SBI.

That leaves the Giguiere's October, 2015, statements that Eventure was in the process of securing credit from another investment company. Again, SBI has failed to plead with sufficient particularity any fraud arising from these statements. SBI has not alleged precisely what statements Giguiere made with respect to the alternative investment company, in what form Giguiere allegedly made those statements to SBI, when precisely the statements were made, or the context surrounding the statements. Without those specified allegations, SBI has failed to explain sufficiently why Giguiere's October, 2015, statement is fraudulent in accordance with Rule 9(b). See, e.g., Naughright v. Weiss, 826 F. Supp. 2d 676, 689 (S.D.N.Y. 2011) (dismissing fraud claims because the complaint alleged only that "that multiple defendants made misrepresentations about . . . general subject matter").

Because SBI failed to allege with sufficient particularity fraudulent inducement claims for the reasons explained, the Court does not need to reach the Individual Defendants' remaining arguments that the fraud claims are actually contract claims or that the statements at issue were commercial puffery rather than statements of material fact.

**B.**

The Individual Defendants argue that SBI should not be permitted to amend its complaint to cure these specificity issues because the Court already granted SBI leave to file an amended complaint once before.

Leave to amend should be freely granted when justice requires. See Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Nerney v. Valente & Sons Repair Shop, 66 F.3d 25, 28 (2d Cir. 1995). Leave to amend can be denied upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman, 371 U.S. at 182; see also Twahir v. Vill. Care of N.Y., Inc., No. 10-cv-9452, 2011 WL 2893466, at *1 (S.D.N.Y. Jul 12, 2011).

On September 8, 2017, the Court granted SBI leave to file an amended complaint containing allegations sufficient to establish this Court's subject matter jurisdiction. Dkt. No. 19. SBI has never before sought leave to amend its complaint to plead its fraudulent inducement claims with more specificity. Eventure has not demonstrated that SBI has acted with undue delay, in bad faith, or with any dilatory motive. Nor has Eventure established that it would suffer undue prejudice if SBI

12

is permitted to amend its complaint. Accordingly, SBI will be granted leave to file an amended complaint to cure pleading deficiencies in its fraudulent inducement claims.

**IV.**

Eventure argues that forum selection clauses in the Convertible Note Agreements require SBI to bring all of its claims against Eventure in a New York State court or in the United States District Court for the Eastern District of New York.

A forum selection clause is presumptively enforceable when it is mandatory, "covers the claims and parties involved in the dispute," and "was communicated to the resisting party." S.K.I. Beer Corp. v. Baltika Brewery, 612 F.3d 705, 708 (2d Cir. 2010) (quoting Phillips v. Audio Active Ltd., 494 F.3d 378, 383-84 (2d Cir. 2007)); see also Giro, Inc. v. Malaysian Airline Sys. Berhad, No. 10-cv-5550, 2011 WL 2183171, at *3 (S.D.N.Y. June 3, 2011).

There are three forum selection clauses in this case. Each Convertible Note Agreement contains a forum selection clause that requires any action to be filed in any New York State court or in a federal court located in Nassau County, which is in the Eastern District of New York. Each Security Purchase Agreement contains a forum selection clause that requires any action to be filed in any New York State court or in a federal court located

in New York County, which is in the Southern District of New York. And the Exchange Agreement contains a forum selection clause that requires any action to be filed in a state court located in the City of New York or federal court located in the City of New York, which stretches across the Southern and Eastern Districts of New York.

The parties do not and cannot dispute that each forum selection clause is mandatory and was communicated to the opposing party.

However, each clause covers different claims. The forum selection clauses in the Convertible Note Agreements apply to actions "concerning the transactions contemplated by th[e] Note." The forum selection clauses in the Security Purchase Agreements apply to actions "concerning the transactions contemplated by th[e] Agreement." And the forum selection clause in the Exchange Agreement applies to "any dispute [t]hereunder or in connection [t]herewith or with any transaction contemplated [t]hereby or discussed [t]herein."

SBI claims that Eventure breached the Convertible Note Agreements, the Security Purchase Agreements, and the Exchange Agreement. Therefore, based on the terms of the forum selection clauses, SBI's claims against Eventure arising out the Convertible Note Agreements must be dismissed without prejudice for improper venue because this Court is neither a state court

14

in New York County, which is in the Southern District of New York. And the Exchange Agreement contains a forum selection clause that requires any action to be filed in a state court located in the City of New York or federal court located in the City of New York, which stretches across the Southern and Eastern Districts of New York.

There is no dispute that each forum selection clause is mandatory and was communicated to the opposing party.

However, each clause covers different claims. The forum selection clauses in the Convertible Note Agreements apply to actions "concerning the transactions contemplated by th[e] Note." The forum selection clauses in the Security Purchase Agreements apply to actions "concerning the transactions contemplated by th[e] Agreement." And the forum selection clause in the Exchange Agreement applies to "any dispute [t]hereunder or in connection [t]herewith or with any transaction contemplated [t]hereby or discussed [t]herein."

SBI claims that Eventure breached the Convertible Note Agreements, the Security Purchase Agreements, and the Exchange Agreement. Therefore, based on the terms of the forum selection clauses, SBI's claims against Eventure arising out the Convertible Note Agreements must be dismissed without prejudice for improper venue because this Court is neither a state court nor a federal court located in Nassau County. But SBI's claims

14

against Eventure arising out of the Security Purchase Agreements and the Exchange Agreement may proceed because this Court is a federal court located in New York County and the City of New York. However, SBI may consider moving voluntarily to dismiss without prejudice its claims arising out of the Security Purchase Agreements and the Exchange Agreements so that it may bring all of its breach of contract claims against Eventure in a single action in a New York State court in the City of New York.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained, the Individual Defendants' motion to dismiss is **granted**, and Eventure's motion to dismiss is **granted in part** and **denied in part**. SBI's fraudulent inducement claims against the Individual Defendants and SBI's claims against Eventure arising out of the Convertible Note Agreements are **dismissed without prejudice**. SBI is granted leave to file any amended complaint by **June 19, 2018**. The Clerk is directed to close all pending motions. The hearing scheduled for June 27, 2018, is canceled.

**SO ORDERED.**

**Dated:** New York, New York
May 28, 2018

_____
John G. Koeltl
United States District Judge